**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EMPIRE HOME SERVICES, L.L.C.,

    Plaintiff/Counter-Defendant,

v.                                            Case No. 05-CV-72584-DT

EMPIRE IRON WORKS, INC.,

    Defendant/Counter-Plaintiff.
_____/

**ORDER DENYING PLAINTIFF'S "MOTION FOR TEMPORARY RESTRAINING
ORDER AND MOTION FOR PRELIMINARY INJUNCTION"
AND
RESCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

Pending before the court is a "Motion for Temporary Restraining Order and Motion for Preliminary Injunction," filed by Defendant/Counter-Plaintiff Empire Iron Works ("Defendant") on September 14, 2005.[1]  The court conducted a hearing on the motion for a temporary restraining order on September 20, 2005.  For the reasons stated below, the court will deny Defendant's request for a temporary restraining order and will deny without prejudice Defendant's request for a preliminary injunction.

**I. BACKGROUND**

Plaintiff/Counter-Defendant Empire Home Services, L.L.C. ("Plaintiff") instituted this action on June 29, 2005.  Plaintiff operates a home improvement business which appears to be on the verge of expanding some of its line in Michigan.  Plaintiff claims it

---

[1]This case was assigned to the Honorable John Feikens.  Because the motion was filed at a time when Judge Feikens was unavailable for hearing, the motion is presently before this court in connection with its presiding duties.

has been in business since 1955 (although it registered in Michigan only in 2000), and that it owns several federally registered trademarks, including the phrase "Empire Today." Plaintiff seeks monetary and injunctive relief under the common law and the Lanham Act. Plaintiff further seeks to restrain Defendant's use of the term "Empire Today."

Defendant filed its answer and counter-claim on September 14, 2005, asserting that it has used various "Empire" marks in Michigan since 1977. Specifically, Defendant alleges that it has operated one factory showroom and five retail showrooms in Southeast Michigan under the name "Empire," and has utilized the slogan "Call Empire Today." Further, Defendant claims it has spent over eleven million dollars promoting and advertising the "Empire" marks in Michigan through print, radio, and television media, including the placement of "Empire" advertisements on the back of the weekly TV guide distributed by the Detroit News. Defendant seeks a temporary, preliminary and permanent injunction prohibiting Plaintiff from using the "Empire" mark, in any form, in Michigan.

## II. DISCUSSION

The purpose of a preliminary injunction or temporary restraining order is merely to preserve the relative positions of the parties until a trial on the merits can be held. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). The court must consider four factors in determining whether to grant a temporary restraining order:

(1) likelihood of success on the merits;
(2) potential for irreparable harm;
(3) potential of adverse public impact; and
(4) potential harm to the plaintiff weighed against the potential harm to the defendant.

*Taubman Co. v. Webfeats,* 319 F.3d 770, 774 (6th Cir. 2003).  None of these factors, standing alone, is a prerequisite to relief; rather, they must be balanced.  *In re DeLorean,* 755 F.2d 1223, 1229 (6th Cir. 1985).  Thus, "no single factor is determinative as to the appropriateness of equitable relief."  *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537 (6th Cir. 1978).

The Sixth Circuit has long recognized that "[t]he object and purpose of a preliminary injunction [or temporary restraining order] is to preserve the existing state of things until the rights of the parties can be fairly and fully investigated."  *In re DeLorean*, 755 F.2d at 1229 (quoting *Blount v. Societe Anonyme du Filtre Chamberland Systeme Pasteur, et al.,* 53 F. 98, 101 (6th Cir. 1892)).  In the case at bar, the court finds that a temporary restraining order is not warranted.

Having reviewed the briefs, and after conducting a hearing on the temporary restraining order, the court has determined that the requirements for issuing a temporary restraining order under Fed. R. Civ. P. 65(b) are not met in this case.  Specifically, as discussed at the hearing, Defendant failed to establish an "immediate and irreparable injury, loss, or damage" sufficient to justify granting the relief that Defendant requested in its motion for a temporary restraining order.

As originally requested, Defendant sought a temporary restraining order which would, essentially, prevent Plaintiff from operating its business, in any form, in the entire state of Michigan.  At the hearing, the court noted that it was not prepared to grant this extraordinary request.  Defendant had not persuaded the court: (1) that it had a strong likelihood of success on the merits in support of its claim that Plaintiff should be prevented from using the Empire mark anywhere in the state of Michigan for any

purpose; (2) that there was any immediate potential of irreparable harm sufficient to outweigh the obvious and significant harm Plaintiff would experience if the injunction were granted; or (3) that any public interest weighed strongly in favor of granting the injunction.  For these reasons, the court concluded that a temporary restraining order should not issue.

Nonetheless, at the hearing, Defendant substantially narrowed the scope of its requested relief.  Defendant has now focused its argument on enjoining the *expansion* of Plaintiff's business in Michigan (and, perhaps, more specifically, *southeast* Michigan) from what appears to have been essentially a carpet business to include doors and windows.[2]  As the court noted at the hearing, this narrowed focus significantly changes the landscape of the request for injunctive relief and Plaintiff should have the opportunity to respond in additional briefing.  To this end, the court conducted a telephone conference on September 27, 2005 to discuss the timing and order of any briefs to be submitted by the parties.  The parties each requested two weeks to prepare additional briefing.  Thus, the October 17, 2005 hearing will need to be adjourned.[3]

---

[2]There does not appear to be any plan in place by Plaintiff to begin selling or marketing any door products in Michigan.  This issue, however, may be addressed more thoroughly in future briefing.

[3]The parties also discussed the possibility of consolidating the hearing on the motion for preliminary injunction with a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2).  The court expressed concern that consolidation may prove impractical given that this court was presiding over the motion for preliminary injunction, but the underlying case is pending before Judge Feikens.  After consulting the local rules, however, the court found that it may be possible, if necessary, to transfer the case under E.D. Mich. LR 83.11(b)(2). The court thus conducted another telephone conference with the parties and informed them that if they desire to consolidate under Rule 65, then the consolidated preliminary injunction hearing and trial on the merits would be either (1) heard by Judge Feikens or (2) heard by this court, if an order is

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion for Temporary Restraining Order and  Motion for Preliminary Injunction" [Dkt. # 7] is DENIED.  The request for a temporary restraining order is DENIED, and the request for a preliminary injunction is DENIED WITHOUT PREJUDICE.  Defendant shall file a renewed motion for preliminary injunction by **October 11, 2005.**  Plaintiff's response shall be filed on or before **October 25, 2005**.

IT IS FURTHER ORDERED that the October 17, 2005 on Defendant's motion for preliminary injunction is RESCHEDULED for **November 7, 2005 at 2:30 p.m.**[4]

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2005, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

---

issued under E.D. Mich. LR 83.11(b)(2).

[4] In the event the parties stipulate to a consolidation pursuant to Federal Rule of Civil Procedure 65(a)(2), this date may be adjourned.