UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMPIRE HOME SERVICES, L.L.C.,

    Plaintiff/Counter-Defendant,

v.                                            Case No. 05-CV-72584-DT

EMPIRE IRON WORKS, INC.,

    Defendant/Counter-Plaintiff.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is Defendant/Counter-Plaintiff Empire Iron Works, Inc.'s "Motion to Dismiss." The matter has been fully briefed and the court has concluded that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Defendant's motion.

**I.  BACKGROUND**

**A. PROCEDURAL HISTORY**

Plaintiff/Counter-Defendant Empire Home Services, L.L.C. ("Plaintiff") initiated this action on June 29, 2005. Plaintiff alleges that it operates a home furnishing and home improvement business in over 30 states, including Michigan, and uses the name "Empire Today" in association with the sale of its products. (Am. Compl. ¶ 8, 30.) Plaintiff also alleges that Defendant/Counter-Plaintiff Empire Iron Works, Inc. d/b/a Empire Doors and Windows ("Defendant") markets and installs doors, windows, and related accessories. (*Id.* ¶ 11.) Plaintiff contends that "Defendant's use of [the] tagline 'Call Empire Today'" constitutes a violation of Plaintiff's purported trademark under the

Trademark Act of 1946 § 43(a), 15 U.S.C. § 1125(a) ("Lanham Act").  (*Id.* ¶ 33.)  In Plaintiff's original complaint, Plaintiff sought monetary and injunctive relief under the common law and the Lanham Act.  (Compl. at 4-7.)  Plaintiff further sought to restrain Defendant's use of the term "Empire Today."  (*Id.* at 7.)

Defendant filed an answer and counter-claims on August 23, 2005, asserting that it has used various "Empire" marks in Michigan since 1977.  (Answer ¶ 5.)  Defendant's counter-claims allege trademark infringement, unfair competition, and unjust enrichment, and seek the cancellation of certain alleged current and pending service mark registrations of Plaintiff.  (Answer at 19-31.)

Defendant filed a "Motion for Temporary Restraining Order [and] Motion for Preliminary Injunction" on September 14, 2005.[1]  The court denied Defendant's "Motion for Temporary Restraining Order" and denied without prejudice Defendant's "Motion for Preliminary Injunction."  (9/28/05 Order.)  Defendant filed a "Motion for Summary Judgment" on February 24, 2006, and a second "Motion for Summary Judgment" on March 17, 2006.  Shortly thereafter, the court granted Plaintiff's motion to substitute John S. Artz and John A. Artz as Plaintiff's counsel.  (3/20/06 Order.)  Subsequent to the appointment of Plaintiff's present counsel, the court conducted a telephone status conference on May 30, 2006, during which the parties requested 60 additional days of discovery.  (5/30/06 Minute Entry; 6/2/06 Order.)  In light of Plaintiff's expressed intention to file a motion for leave to amend its complaint, the court denied without

---

[1] Although this case was initially assigned to the Honorable John Feikens, this court, in connection with its presiding duties, heard several motions filed in the matter when Judge Feikens was unavailable.  The case was subsequently reassigned to this court for docket efficiency.  (10/19/05 Order.)

2

prejudice Defendant's motions for summary judgment, stating that they could be re-filed, if necessary, at the conclusion of discovery. (6/2/06 Order.)

Plaintiff filed a "Motion for Leave to File Amended Complaint" on June 5, 2006, which Defendant opposed, asserting prejudice and contesting subject matter jurisdiction under the amended complaint. The court held a hearing on June 22, 2006, during which it granted Plaintiff's "Motion for Leave to File Amended Complaint." (6/22/06 Minute Entry.) On June 23, 2006, Plaintiff timely filed its amended complaint. Defendant responded on June 29, 2006, filing the instant "Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12 (b)(6)."

## B. PLAINTIFF'S AMENDED COMPLAINT[2]

In Defendant's motion to dismiss Plaintiff's trademark infringement claim, Defendant argues that Plaintiff, in its Amended Complaint, "has not alleged all of the necessary elements to support a claim of relief under Section 1125(a)," claiming that "Plaintiff's . . . [amended complaint] overtly admits that Defendant's putative use of 'Call Empire Today' . . . 'was not used [sic] in a *trademark* sense." (Def.'s Br. at 3 (citing Am. Compl. ¶ 18[3])).

Plaintiff states that it is "engaged in the business of marketing, furnishing and selling quality home furnishing and home improvement products in over thirty (30) states, including the State of Michigan." (Am Compl. ¶ 8.) Plaintiff describes its

---

[2] While Defendant refers to Plaintiff's "First Amended Complaint," the court finds it unnecessary to explicitly describe Plaintiff's sole amendment as the first, and accordingly, adopts Plaintiff's language, "Amended Complaint."

[3] Although Defendant cites to Paragraph 17 of the Amended Complaint, the Court notes that Paragraph 18 actually contains the cited language.

business as "market[ing] and furnish[ing] carpeting, hardwood flooring, laminate flooring, window treatments, gutter guards, and bath and shower liners, in addition to other products."  (*Id.*)  Plaintiff alleges that it "has conducted and continues to conduct its business in Michigan under the assumed name 'Empire Today.'" (*Id.* ¶ 9.)  Specifically, Plaintiff contends that it has "actively advertised and promoted, and is presently actively advertising and promoting, its home furnishing and home improvement business in the State of Michigan under the name 'Empire Today,' including the use of television and newspaper advertising." (*Id.* ¶ 10.)  According to Plaintiff, it "has adopted and has used the name and mark 'Empire Today' to distinguish its products and services from other businesses in the home furnishing and home improvement fields, and in other fields, that also utilize the name 'Empire' in some manner" and that it "has built up substantial goodwill and reputation in the name and mark 'Empire Today,' both in Michigan and in other [s]tates." (*Id.* ¶ 20-21.)  Further, the amended complaint states that "Plaintiff's name and mark 'Empire Today' has taken on a secondary meaning in the State of Michigan and in other [s]tates with reference to Plaintiff's business and is a highly valuable property right" and that "[t]he public has come to know, rely upon, and recognize the goods and services of Plaintiff by the name and mark 'Empire Today.'" (*Id.* ¶ 22-23.)

Plaintiff alleges that "Defendant markets, furnishes, sells and installs doors and windows and related accessories for its doors, such as door hardware.  Defendant generally does business in the State of Michigan under the assumed names of 'Empire Doors and Windows,' 'Empire Windows,' 'Empire Entry Systems,' and 'Empire Doors.'" (*Id.* ¶ 11.)  According to Plaintiff, "Defendant's business has substantially all taken place

in the southeastern area of the State of Michigan" and "Defendant has not conducted business in the State of Michigan in product or service areas other than doors, windows and related accessories, such as door hardware."  (*Id.* ¶ 13.)  Defendant, Plaintiff asserts, "has repeatedly over the years in its advertising and promotion used the following taglines to urge customers to contact them by telephone: 'Call Now' or 'Call Empire Now.'"  (*Id.* ¶ 17.)

Defendant, in its motion to dismiss, relies heavily on Plaintiff's assertion that

> [a]llegedly, on one or more limited occasions in the past (and unknown to Plaintiff), Defendant, while doing business under its corporate name or under one or more of its assumed names, allegedly has used the tagline 'Call Empire Today' in place of 'Call Empire Now.'  This use of 'Call Empire Today,' however, assuming it took place, was limited, was not used in a trademark sense, and did not install in Defendant any protectable rights in the term 'Empire Today.'

(*See id.* ¶ 18.)

However, Plaintiff also contends that

> after Plaintiff began to significantly advertise and promote its products and services under the 'Empire Today' name in Michigan, Defendant began to use the tagline 'Call Empire Today' in a significant manner in place of its normal tagline 'Call Empire Now.'  Defendant's use of 'Call Empire Today' in place of its standard tagline 'Call Empire Now' is an attempt by Defendant to palm off or take advantage of Plaintiff's advertising and promotion of Plaintiff's 'Empire Today' goods and services, and thus unfairly take advantage of and palm off on the valuable goodwill and reputation built up by Plaintiff in the 'Empire Today' name and mark.

(*Id.* ¶¶ 24-25.)  According to Plaintiff, "Defendant's use of 'Call Empire Today' is likely to cause confusion, or to cause mistake, or to deceive customers and prospective customers as to the affiliation, connection or association of Defendant with Plaintiff or of Defendant's goods and services with those of Plaintiff."  (*Id.* ¶ 26.)

5

Plaintiff asserts that while Michigan businesses other than Plaintiff and Defendant include the word "Empire" in their business names, "[n]one of these other business[es], however, utilize the term 'Empire Today' in any way." (*Id.* ¶ 15.)

## II. STANDARD

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003); *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Claybrook v. Birchwell*, 199 F.3d 350, 354 (6th Cir. 2000) (citing *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001); *Columbia Natural Res.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Anderson v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001) . "In practice, 'a . . . complaint must contain either direct or inferential allegations

6

respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In determining whether to grant a Rule 12(b)(6) motion, "the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).[4]

### III. DISCUSSION

Plaintiff, in its amended complaint, alleges trademark infringement and seeks injunctive relief pursuant to the Lanham Act § 43(a), 15 U.S.C. § 1125(a). (Am. Compl. ¶ 29, 33.) "A trademark is a designation, 'any word, name, symbol, or device, or any combination thereof,' which serves 'to identify and distinguish [the] goods [of the mark's owners] . . . from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown.'" *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998) (emphasis omitted) (quoting 15 U.S.C. § 1127). The Sixth Circuit has held that:

> [w]hether alleging infringement of a registered trademark, pursuant to 15 U.S.C. § 1114(1), or infringement of an unregistered trademark, pursuant to 15 U.S.C. § 1125(a)(1), it is clear that a plaintiff must show that it has actually used the designation at issue *as a trademark*, and that the defendant has also used the same or a similar designation *as a trademark*. In other words, the plaintiff must establish a likelihood that the

---

[4]The court notes that it is not considering the so-called "Artz Declaration," (Def's Reply at 4), and is not treating the present 12(b)(6) motion as a motion for summary judgment under Federal Rule of Civil Procedure 56.

7

> defendant's designation will be confused with the plaintiff's trademark, such that consumers are mistakenly led to believe that the defendant's goods are produced or sponsored by the plaintiff.

*Id.* at 753-54 (internal citations omitted). A party "establishes a common law right to a trademark only by demonstrating that its use of the mark was 'deliberate and continuous, not sporadic, casual or transitory.'" *Circuit City Stores, Inc. v. Carmax, Inc.*, 165 F.3d 1047, 1054-55 (6th Cir. 1999) (quoting *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1272 (2d Cir. 1974)).

The Supreme Court has held that "it is common ground that § 43(a) protects qualified unregistered trademarks and that the general principles qualifying a trademark for registration under § 2 of the Lanham Act are for the most part applicable in determining whether an unregistered mark is entitled to protection under § 43(a)." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). "In order to be registered, a mark must be capable of distinguishing the applicant's goods from those of others." *Id.* (citing 15 U.S.C. § 1052). The Court noted that "[m]arks which are merely descriptive of a product are not inherently distinctive," but that "descriptive marks may acquire the distinctiveness which will allow them to be protected under the Act." *Id.* at 769. "This acquired distinctiveness is generally called 'secondary meaning.'" *Id.* Hence, the Court stated that "[t]he general rule regarding distinctiveness is clear: An identifying mark is distinctive and capable of being protected if it *either* (1) is inherently distinctive *or* (2) has acquired distinctiveness through secondary meaning." *Id.*

As noted above, Defendant argues that Plaintiff "has not alleged all of the necessary elements to support a claim of relief under Section 1125(a)," claiming that "Plaintiff's . . . [amended complaint] overtly admits that Defendant's putative use of 'Call

Empire Today' . . . 'was not used [sic] in a *trademark* sense."[5] (Def.'s Br. at 3 (citing Am. Compl. ¶ 18)). Defendant also argues that "Plaintiff now admit[s] that Defendant's actions are outside of the required scope of conduct that would give rise to a violation of 1125(a)." (*Id.*)

The court, in determining whether Plaintiff has made direct or inferential allegations respecting all the material elements necessary to sustain a recovery, will construe Plaintiff's amended complaint as a whole. *See RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indem. Co.*, 169 F.3d 448, 452 (7th Cir. 1999) (reading the complaint as a whole to determine that the amount in controversy exceeded $75,000); *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 764 (4th Cir. 1990) (reading the complaint as a whole in finding that Plaintiff had alleged claims with sufficient precision to clearly advise the defendant of the nature of Plaintiff's claims). In order to sustain the amended complaint, the court must find that Plaintiff has adequately alleged that Plaintiff has actually used "Empire Today" as a trademark, and that Defendant has also used the same or a similar designation as a trademark. *See Rock & Roll*, 134 F.3d at 753-754. In other words, the court must find that Plaintiff has alleged a likelihood that Defendant's purported use of the phrase "Call Empire Today" will be confused with Plaintiff's putative trademark in "Empire Today," such that consumers are mistakenly led to believe that Defendant's goods are produced or sponsored by the Plaintiff. *See id.*

First, the court finds that Plaintiff has met the burden of pleading use of "Empire Today" as a trademark. *See id.* Plaintiff alleges that it has "actively advertised and

---

[5]Defendant asks the court to accept Plaintiff's assertion as true, but only for the purpose of disposing of this motion. (Def.'s Br. at 3.)

9

promoted . . . its home furnishing and home improvement business in the State of Michigan under the name 'Empire Today.'" (Am. Compl. ¶ 10.) According to Plaintiff, it "has adopted and has used the name and mark 'Empire Today' to distinguish its products and services from other businesses in [its fields]" and that it "has built up substantial goodwill and reputation in the name and mark 'Empire Today,' both in Michigan and in other [s]tates." (*Id.* ¶ 20-21.) Plaintiff contends that "Plaintiff's name and mark 'Empire Today' has taken on a secondary meaning in the State of Michigan and in other [s]tates with reference to Plaintiff's business" and that "[t]he public has come to know, rely upon, and recognize the goods and services of Plaintiff by the name and mark 'Empire Today.'" (*Id.* ¶ 22-23.) Accordingly, the court concludes that Plaintiff has sufficiently pleaded that it has acquired a trademark in "Empire Today."

Next, the court finds that Plaintiff has met the burden of pleading that Defendant has used "Empire Today" as a trademark. The court is unpersuaded by Defendant's argument that "Plaintiff's . . . [amended complaint] overtly admits that Defendant's putative use of 'Call Empire Today' . . . 'was not used [sic] in a *trademark* sense." (*See* Def.'s Br. at 3 (citing Am. Compl. ¶ 18)). Construing the amended complaint as a whole in the light most favorable to Plaintiff, the court accepts Plaintiff's argument that Paragraph 18 was intended only to dispute the proposition that Defendant had acquired a trademark from "actions or activities which Defendant alleges took place *many years ago*, *i.e. prior to the Plaintiff's use of* [*'Empire Today'*] *in Michigan*." (See Pl.'s Resp. Br. at 2 (emphasis added).) The court believes that such an interpretation is consistent with the language used in Paragraph 18, which begins, "Allegedly, on one or more limited occasions in the past (and unknown to Plaintiff) . . ." (*See* Am. Compl. ¶ 18.) The court

10

also finds such an interpretation consistent with other allegations made by Plaintiff, which the court finds cumulatively allege that Defendant used "Empire Today" as a trademark, subsequent to Plaintiff's use of "Empire Today" as a trademark. Specifically, Plaintiff contends that "after Plaintiff began to significantly advertise and promote its products and services under the 'Empire Today' name in Michigan, Defendant began to use the tagline 'Call Empire Today' in a significant manner in place of its normal tagline 'Call Empire Now." (*Id.* ¶ 24.) Plaintiff states that:

> Defendant's use of 'Call Empire Today' in place of its standard tagline 'Call Empire Now' is an attempt by Defendant to palm off or take advantage of Plaintiff's advertising and promotion of Plaintiff's 'Empire Today' goods and services, and thus unfairly take advantage of and palm off on the valuable goodwill and reputation built up by Plaintiff in the 'Empire Today' name and mark.

(*Id.* ¶ 25.) Accordingly, the court concludes that Plaintiff has sufficiently pleaded that Defendant used "Call Empire Today" as a trademark.

Moreover, the court finds that Plaintiff has claimed a likelihood that Defendant's alleged use of the phrase "Call Empire Today" will be confused with Plaintiff's putative trademark in "Empire Today," such that consumers are mistakenly led to believe that Defendant's goods are produced or sponsored by the Plaintiff. *See Rock & Roll*, 134 F.3d at 753-754. To wit, Plaintiff alleges that "Defendant's use of 'Call Empire Today' is likely to cause confusion, or to cause mistake, or to deceive customers and prospective customers as to the affiliation, connection or association of Defendant with Plaintiff or of Defendant's goods and services with those of Plaintiff." (*See* Am. Compl. ¶ 26.)

11

Accordingly, the court finds that Plaintiff has met its burden to plead allegations in support of all material elements of a Lanham Act trademark infringement claim. *See Rock & Roll*, 134 F.3d at 753-754.

### IV.  CONCLUSION

For the reasons discussed above, IT IS ORDERED that Defendant's "Motion to Dismiss Plaintiff's First Amended Complaint" [Dkt. #50] is DENIED.

IT IS FURTHER ORDERED that Defendant is DIRECTED to file an amended answer within fourteen (14) days of the date of this order.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 8, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 8, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522