**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EMPIRE HOME SERVICES, L.L.C.,

    Plaintiff/Counter-Defendant,

v.                                        Case No. 05-CV-72584-DT

EMPIRE IRON WORKS, INC.,

    Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO EXTEND TIME FOR FILING DISPOSITIVE MOTIONS AND GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE A REVISED BRIEF**

Pending before the court is Defendant's motion to extend the time for filing dispositive motions and Plaintiff's motion to substitute a revised brief in support of its motion to dismiss. The court will grant both motions.

## I. BACKGROUND

A June 2, 2006 Order of this court set the cut-off date for filing dispositive motions as September 1, 2006 (6/2/06 Order.) The parties in the meanwhile engaged in a discovery dispute regarding whom to depose and where, which resulted in competing motions to compel and in a motion for a protective order by Plaintiff. The court scheduled a telephone conference for September 11, 2006 to resolve this discovery dispute and to address the possibility of enlarging the time for filing dispositive motions. Defendant relied on the then-pending nature of the discovery dispute as grounds for pushing back the cut-off date, as well as the argument that Plaintiff would not be prejudiced because it had at that point not yet responded to Defendant's

counterclaims.  (9/1/06 Motion to Extend.)  Because the parties settled their discovery dispute, the telephone conference was cancelled, leaving open the question of enlarging the cut-off date for dispositive motions.

Plaintiff on September 16, 2006 filed a motion to dismiss part of Defendant's counter-complaint.  (9/16/06 Motion to Dismiss.)  Five days later, Plaintiff filed an "amended" motion to dismiss.  (9/21/06 Amended Motion to Dismiss.)  Plaintiff states that the first brief mistakenly referred to Defendant's cause of action as only for trade name infringement and that it should have also included reference to unfair competition and common law trademark infringement, which the amended brief does.  (9/28/06 Motion to Substitute Revised Brief.)  Plaintiff did not seek leave of the court to file its dispositive motion, nor did Plaintiff file a motion seeking an enlargement of time.

Nonetheless, the September 1, 2006 cut-off date passed while the parties' discovery dispute ensued.  The parties did not resolve that dispute until the eve of the telephone conference scheduled for September 11, 2006.  By agreement, the remaining discovery did not occur until near the end of September.  There is thus good cause for extending for both parties the cut-off date for dispositive motions.  Such motions would otherwise be incomplete without the benefit of all completed discovery.  Moreover, the court is persuaded that a five-day difference between Plaintiff's two motions to dismiss will not seriously prejudice Defendant.  To the extent that there is any prejudice, the court will alleviate it by granting Defendant a full 21 days to respond to the now-accepted revised brief of Plaintiff.

The court is mindful of Defendant's response to Plaintiff's motion to file a substitute revised brief, which was filed two days after a response to the original motion

to dismiss. Both responses were filed after Plaintiff had already submitted its revised motion to dismiss. Defendant's argues that Plaintiff "wishes to reclassify this Action [sic] as a trademark and a common law trademark infringement action despite not pleading common law infringement against Defendant." (Defendant's Response to Plaintiff's Motion to File Substitute Revised Brief at 3). Whatever the truth of this charge, it is better presented in a response on the merits to Plaintiff's revised motion to dismiss. The court has compared Plaintiff's revised motion with its substituted motion. The length of the motions, the cases they cite, and the substance of their arguments is virtually indistinguishable. Defendant has not persuasively articulated any reasons why it would be prejudiced by having to respond instead to Plaintiff's revised motion to dismiss. To the extent that Plaintiff's attempt at "re-classifying" the case is improper or unsupported, Defendant may make that argument in a response to Plaintiff's revised motion to dismiss.

## II.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Enlargement . . ." [Dkt #62] is GRANTED. The cut-off date for both parties for filing dispositive motions is **November 2, 2006.**

IT IS FURTHER ORDERED that Plaintiff's "Motion . . . to File Substitute Revised Brief in Supporting Motion to Dismiss" [Dkt #69] is GRANTED. Defendant's revised response to Plaintiff's revised "Motion to Dismiss" [Dkt #68] shall be filed by **November 2, 2006.** In light of this court's order, the court will not consider Defendant's "Response to Plaintiff's Motion to Dismiss" [Dkt #70].

IT IS FURTHER ORDERED that Plaintiff's original "Motion to Dismiss" [Dkt #66], which is substituted pursuant to this court's order, is DENIED as moot.

The hearing date for all timely dispositive motions is **December 20, 2006 at 2:00 p.m.**  The parties are advised that the court will not send separate notices of this hearing date.

   S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 12, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 12, 2006, by electronic and/or ordinary mail.

   S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522