# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EMPIRE HOME SERVICES, L.L.C.,

    Plaintiff/Counter-Defendant,

v.                                                   Case No. 05-CV-72584-DT

EMPIRE IRON WORKS, INC.,

    Defendant/Counter-Plaintiff.

                                                   /

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

April 23, 2007, the court issued an opinion and order that, among other things, (1) granted Plaintiff Empire Home Services, L.L.C.'s ("EHS") motion to dismiss and (2) denied Defendant Empire Iron Works, Inc.'s ("EIW") motions (a) for summary judgment, (b) to compel discovery and (c) to strike. EIW filed the instant motion for reconsideration on May 10, 2007. Having reviewed the motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(g)(1). For the reasons stated below, the court will deny EIW's motion.

## I. STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing

*United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

At the outset, the court rejects a form of argument that appears throughout EIW's motion. Namely, the court is not persuaded that EIW identifies any palpable defect when it highlights that the court did not address each and every argument and citation EIW advanced. The court's duty is to present a reasoned basis under the law for its conclusions, not to present a point-by-point treatise refuting every possible way that another outcome could, but not necessarily *should*, happen. Further, EIW's argument often fails to address the second prong of the standard of review: whether addressing a specific authority would result in a different disposition of the case. *See* E.D. Mich. LR 7.1(g)(3). The court will thus only reach the arguments advanced that directly attack the independent and adequate grounds supporting the court's original decision.

### A. Dismissal of Counts VI-XVII

The court is not persuaded that EIW has shown a palpable defect the correction of which would lead to a different outcome. EIW's primary argument essentially asks the court to reinterpret *Whitney Information Network, Inc. v. Gagnon*, 353 F.Supp.2d 1208, 1211 (M.D. Fla. 2005), a non-binding decision that was not central to this court's analysis granting EHS's motion to dismiss the counterclaims that sought cancellation of

2

several of EHS's registered marks.[1]  Nothing in EIW's instant motion persuades the court that it palpably erred in its analysis of the rules governing offensive and defensive trademark cancellation actions or, for that matter, the rules of compulsory counterclaims, see Federal Rule of Civil Procedure 13, and the purposes of the Declaratory Judgment Act, 28 U.S.C. § 2201.  EIW's motion amounts to mere reargument of issues that the court has already decided, which is an insufficient basis for granting reconsideration.  *Czajkowski*, 967 F.Supp. at 952.

### B.  Denial of EIW's Motion to Compel Discovery

Because the court's denial of Counts VI-XVII was proper, any discovery motion related to those counts is moot.  Therefore, no palpable defect misled the court when it dismissed as moot EIW's motion to compel discovery.

### C.  Denial of EIW's Motion for Summary Judgment and Motion to Strike the Glantz Declaration

Because the court's denial of EIW's motion for summary judgment hinged on accepting the Glantz declaration into evidence, the court considers in tandem the above-captioned motions.  Because the court did not rely on the Jennings declaration, that portion of the motion to strike requires no additional consideration.  Concerning apparent new evidence regarding the location of EHS's billboard advertisements, EIW's selective presentation of this limited development is unavailing.  (Def.'s Br. at 14-17.)  The court's analysis of prior use did not rise and fall with the location of the billboards, as the court relied on ample other record evidence that demonstrated neither party was

---

[1] Further, despite EIW's argument, the court expressed its awareness that *Whitney* involved a pending application for a federal trademark.  (4/23/07 Order at 8.)

3

entitled to summary judgment but that, rather, a finder of fact would have to decide the issue.  Further, EIW relies on *Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 67 F.Supp.2d 754 (E.D. Mich. 1999) *aff'd in part and rev'd in part* 264 F.3d 622 (6th Cir. 2001), for the general proposition that an unfair competition claim requires facts that indicate actual competition.  This general proposition, without more, fails to require a different outcome.  The facts and holdings of *Murray Hill*, in any event, said little if anything about the role of geography in an unfair competition claim.

EIW next raises the issue of fair use and simply reiterates arguments that the court already rejected.  The recycling of the same arguments is insufficient under the standard of review.  *Czajkowski*, 967 F.Supp. at 952.  Similarly, EIW again objects to the court's reliance on the Glantz declaration.  But EIW fails to persuade the court that it is "obvious, clear, unmistakable, manifest, or plain," *Lockett*, 328 F. Supp. 2d at 684 (quotation omitted), that the court should have handled the late-breaking Glantz declaration differently.  Authority regarding affidavits that contradict earlier evidence is simply inapposite because the non-committal testimony already on the record created nothing for Glantz to contradict.  As the court noted before, the effective administration of justice, and the public confidence it inspires, depends in large part upon the truth-seeking function of the finder of fact.  Exclusion of the Glantz declaration on timeliness grounds would not serve those interests.  That said, EHS may not change the landscape at such a late stage without personal cost.  For that reason, the court ordered EHS to pay substantial fees and costs to EIW for the delay: three depositions and one-third of the resources expended for EIW's motion for summary judgment.  Under the circumstances, the court is convinced that it did not abuse its discretion under the rules

in reaching an equitable outcome. The prejudice to EIW is fairly mitigated and the parties may now, as they should, advance to the crucible of trial to contest their remaining claims. As such, there are no grounds for overturning the court's denial of EIW's motion to strike or, relatedly, its motion for summary judgment.

### D. EIW's Request for Leave to Seek Interlocutory Appeal

EIW requests, in the alternative, that this court certify the case for interlocutory appeal. According to the relevant authority:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C.A. § 1292. The court does not view any of the legal grounds EIW advances as controlling questions of law regarding which there is substantial ground for difference of opinion. Rather, as EHS argues in response, the issues are well-settled matters on points of the law of discovery violations and summary judgment practice. Further, the bulk of what remains of the litigation in this court is fact-oriented trial practice. The court will therefore not certify the case for interlocutory appeal.

### IV. CONCLUSION

For the reasons discussed above, IT IS ORDERED that Defendant's Motion for Reconsideration [Dkt # 106] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: June 7, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 7, 2007, by electronic and/or ordinary mail.

            S/Lisa Wagner
           Case Manager and Deputy Clerk
           (313) 234-5522