**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EMPIRE HOME SERVICES, L.L.C.,

       Plaintiff/Counter-Defendant,

v.                                           Case No. 05-CV-72584-DT

EMPIRE IRON WORKS, INC.,

       Defendant/Counter-Plaintiff.
                                          /

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 26 AND 37 AND FOR RELIEF UNDER RULE 60**

Pending before the court is Defendant's combined motion for sanctions under Rules 26 and 37 and for relief under Federal Rule of Civil Procedure 60(b). Having reviewed the motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. DEFENDANT'S RULE 60(b) ARGUMENT**

Defendant seeks relief from the court's April 23, 2007 opinion and order, which decided a number of issues that Defendant later challenged in an unsuccessful motion for reconsideration. (*See* 6/7/07 Order.) In essence, Defendant merely reargues several of the same issues, which, for the reasons stated in the court's April 23 and June 7, 2007, should fail on the merits. Further, Defendant's motion is procedurally flawed, as Rule 60(b) provides for relief from "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The April 23, 2007 order was not final, and the court has already denied Defendant's request for leave to seek interlocutory appeal. (6/7/07 Order at 5.) The court will therefore deny the Rule 60(b) motion.

## II. DEFENDANT'S RULE 26 AND 37 ARGUMENT FOR SANCTIONS

To the extent that Defendant again challenges the propriety of the court-ordered Glantz deposition, the court will, for the reasons stated when the court denied reconsideration, reject Defendant's arguments. The court in its discretion has balanced the equities in favor of having the fact issues decided at trial on the merits as opposed to excluding evidence based upon Defendant's unsupported claims of prejudice.

Defendant's new claims of prejudice are limited to allegations that Plaintiff exceeded the permitted scope of the Glantz deposition by introducing three new exhibits that were not previously disclosed to Defendant. According to Federal Rule of Civil Procedure 37:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, *unless such failure is harmless*, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1) (emphasis added).[1] Rule 37(c)(1) authorizes the court to award sanctions for failure to disclose. *Id.* Defendant's motion fails due to the emphasized language of the rule. Without a showing of genuine prejudice, Defendant's arguments fall flat. Because the disclosure of the exhibits was harmless, sanctions under Rule 37 are not warranted.

First, the court is not persuaded that all of the alleged disclosures were indeed new evidence. In its response, Plaintiff claims that the objectionable exhibit merely bundled advertisements that were already otherwise and previously disclosed to Defendant. (Pl.'s

---

[1]Defendant erroneously cites this part of Rule 37 as "Fed.R.Civ.P. 37(b)." (Def.'s Br. at 18.)

Br. at 5.) Regarding the 1986 calendar and business record, the relevant portions were disclosed over a year ago for another deposition and Plaintiff simply brought the entire document to the Glantz deposition. (*Id.*)  Defendant does not claim that any new part of the calendar revealed relevant information that is prejudicial due to its late-breaking disclosure.  Finally, Plaintiff's counsel represented that the radio commercial transcripts were preceded by summaries already disclosed to Defendants.

Further, even if any of the exhibits constitute new disclosures, the Glantz deposition was adjourned and completed several days later.  Defendant thus had the time and opportunity to review anything new and examine Glantz with the benefit of that preparation.  Under the circumstances, the court finds that Defendant has suffered no prejudice and will suffer no prejudice if any of the exhibits are offered at trial.  The court will therefore deny Defendant's request for monetary sanctions and for exclusion of the Glantz deposition exhibits.  To the extent that the evidence is "favorable and self-serving," (Def.'s Br. at 19), to Plaintiff, Defendant may challenge the weight of the evidence at trial, where the finder of fact will determine whether to credit the evidence.  As gatekeeper, the court sees no reason to, in the manner that Defendant proposes, limit the universe of relevant evidence that should merit consideration at trial

## IV. CONCLUSION

For the reasons discussed above, IT IS ORDERED that Defendant's Motion for Sanctions Under Rules 26 and 37 and for Relief Under Rule 60 [Dkt # 109] is DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2007, by electronic and/or ordinary mail.

                                                     S/Lisa Wagner
                                                     Case Manager and Deputy Clerk
                                                     (313) 234-5522